**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **UNITED SPECIALTY INSURANCE COMPANY,**<br><br>        *Plaintiff,*<br><br>**v.**<br><br>**ALRA LOGISTICS LLC, XAVIER GERARD DOWNER, and JAMELA SMITH,**<br><br>        *Defendants.* | **CIVIL ACTION NO.**<br>**3:23-cv-00049-TES** |

**ORDER GRANTING MOTION FOR LEAVE
TO SERVE BY PUBLICATION**

Before the Court is Plaintiff United Specialty Insurance Company's Motion for Leave [Doc. 10] to serve Defendant Xavier Gerard Downer by publication pursuant to Federal Rule of Civil Procedure 4(e)(1) and O.C.G.A. § 9-11-4(f)(1). [Doc. 10, p. 1]. As discussed below, the Court **GRANTS** Plaintiff's Motion for Leave [Doc. 10], and Plaintiff may serve Defendant Xavier Gerard Downer by publication as set forth below.

"Unless federal law provides otherwise," Rule 4(e)(1) allows "an individual . . . [to] be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located[.]" Fed. R. Civ. P. 4(e)(1). Georgia's Civil Practice Act provides that service of a lawsuit may be made by publication "in the paper in which

sheriff's advertisements are printed[.]" O.C.G.A. § 9-11-4(f)(1)(C).

Plaintiff seeks leave to serve by publication under state law because it has been unsuccessful in serving Defendant Downer despite retaining a private investigator and making "three separate attempts at three separate addresses." [Doc. 10, pp. 2, 4]. "[T]he constitutional prerequisite for allowing such service . . . is a showing that reasonable diligence has been exercised in attempting to ascertain [Defendant Downer's] whereabouts." *Abba Gana v. Abba Gana*, 304 S.E.2d 909, 912 (Ga. 1983). "[I]t is the duty of the courts to determine whether the movant has exercised due diligence in pursuing every reasonably available channel of information." *In Interest of A.H*, 795 S.E.2d 188, 189 (Ga. Ct. App. 2016). The Georgia Court of Appeals holds that "[d]ue diligence is generally demonstrated by an affidavit." *Id.* (citing O.C.G.A. § 9-11-4 (f)(1)(A) (authorizing service by publication in "all manner of civil actions" if a party "cannot, after due diligence, be found within the state, . . . and the fact shall appear, by affidavit, to the satisfaction of the judge or clerk of the court")).

Upon review of Plaintiff's motion and the attached affidavits, it appears that Defendant Downer may be actively concealing his whereabouts to evade service. *See generally* [Doc. 10] *in connection with* [Doc. 10-2, pp. 2–4] *and* [Doc. 10-3, pp. 2–3]. According to one of the affidavits, Plaintiff "has no knowledge as to the present place of residence or whereabouts of [Defendant] Downer." [Doc. 10-3, p. 3, ¶ 12]. Thus, considering Plaintiff's due diligence in attempting to find Defendant Downer in the

State of Georgia, the Court is satisfied that Plaintiff has used every "reasonably available channel of information" to serve Defendant Downer by "traditional means. *In Interest of A.H*, 795 S.E.2d at 189; *see also* Order, *United States Surety Co. v. Solidscapes, LLC*, No. 3:21-cv-00017-CDL (M.D. Ga. July 2, 2021), ECF. No. 7. Accordingly, the **GRANTS** leave to serve by publication.

Further, Plaintiff is **ORDERED** to coordinate publication of the notice on Defendant Downer in the appropriate newspaper in which Plaintiff wishes to have the notice published. Plaintiff shall determine the procedures for placing the notice in the newspaper. For the newspaper, Plaintiff shall:

1.  Prepare for the Clerk of Court's signature a cover letter to the publisher providing instructions for publishing the notice in accordance with the requirements of O.C.G.A. § 9-11-4(f)(1)(C);

2.  Provide to the Clerk a check made out to the publisher for the cost of publishing the notice; and

3.  Prepare and submit to the Clerk a proposed notice to be published. The proposed notice shall comply with the requirements of O.C.G.A. § 9-11-4(f)(1)(C).

Within **14 days** of the date of this Order, Plaintiff must provide the cover letter, check, and proposed notice to the Clerk. The Clerk shall submit these items to the listed publisher and cause publication of the notice and shall note on the docket when this

task is complete. Once publication is complete, Plaintiff shall obtain and submit to the Court a publisher's affidavit demonstrating that the notice was published in accordance with O.C.G.A. § 9-11-4(f)(1)(C).

Upon receipt of the above-listed materials from Plaintiff, the Clerk shall send, via first class mail, the following items to Defendant Xavier Gerard Downer at his last known address (705 Spring Valley Road, Unit 115, Athens, Georgia 30605):

1. A copy of notice to be published;

2. A copy of this Order; and

3. A copy of the Complaint.

After these items are mailed to Defendant Downer the Clerk shall make a note on the docket that this task is complete.

**SO ORDERED**, this 20th day of July, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

4