UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ALRA LOGISTICS, LLC, XAVIER GERARD DOWNER, and JAMELA SMITH <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION <br><br> FILE NO. 3:23-cv-00049 |

## ORDER GRANTING PLAINTIFF'S MOTION TO ENTER DEFAULT JUDGMENT AGAINST ALRA LOGISTICS, LLC AS TO FACTUAL ALLEGATIONS OF COMPLAINT, BUT TO STAY ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT ALRA LOGISTICS, LLC PENDING ADJUDICATION OF LEGAL ISSUES

Plaintiff, United Specialty Insurance Company, has moved this Court for an Order Granting Plaintiff's Motion to Enter Default Judgment Against Defendant Alra Logistics, LLC as to Factual Allegations of Complaint, But to Stay Entry of Default Judgment as to Defendant Alra Logistics, LLC Pending Adjudication of Legal Issues. [Doc. 15]. After consideration of the application facts and law, the Court **GRANTS** Plaintiff's Motion. [Doc. 15].

More specifically, this Court finds that Plaintiff properly served process and the Complaint upon Defendant Alra Logistics, LLC ("Alra") on April 28, 2023, but Defendant Alra has failed to file an Answer or otherwise respond. As a consequence, Defendant Alra is in default. Defendant Alra, therefore, is deemed to have admitted the well-pled factual allegations in Plaintiff's Complaint, including but not limited to the following:

PD.42727345.1

10. Jamela Smith filed the Underlying Lawsuit on November 10, 2022, followed by an Amended Complaint on March 7, 2023, which added Alra as a defendant.

11. The Underlying Lawsuit concerns a motor vehicle accident on or around July 24, 2021, in which Jamela Smith allegedly sustained bodily injuries as a result of a motor vehicle crashing into her residence located in Athens, Georgia.

12. The Amended Complaint alleges that Xavier Gerard Downer was driving the subject motor vehicle during the alleged accident, and that his negligence proximately caused the accident.

13. The Amended Complaint alleges that Xavier Gerard Downer had an open container of alcoholic beverage in the subject motor vehicle.

14. The Amended Complaint alleges that Alra is responsible for Xavier Gerard Downer's actions under a theory of respondeat superior, agency, or apparent agency. The Amended Complaint alleges that, during the subject accident, Mr. Downer was an employee of Alra who was acting within the scope of his employment by, and agency for, Alra.

15. The Amended Complaint further alleges that Alra was independently negligent in (1) hiring or contracting with Xavier Gerard Downer to drive the automobile; (2) negligently training Mr. Downer; (3) negligently entrusting Mr. Downer to drive an automobile professionally; (4) negligently retaining Mr. Downer; (5) failing to conduct proper and required background checks on Mr. Downer; (6) failing to supervise Mr. Downer; (7) failing to exercise ordinary care to determine its employees', agents' and/or contractors' fitness for driving an automobile; (8) failing to have or enforce an appropriate policy for properly and safely performing maneuvers or controlled safe stops on roadways; (9) failing to fulfill its duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe; and (10) otherwise failing to act as a reasonably prudent company under the circumstances.

16. By letter dated March 1, 2023 (the "Downer ROR Letter"), United Specialty agreed to defend Xavier Gerard Downer against the Underlying Lawsuit, subject to various reservations of rights to deny coverage under the Policy as stated therein. A copy of the Downer ROR Letter is attached as Exhibit "B."

17. By letter dated March 10, 2023 (the "Alra ROR Letter"), United Specialty agreed to defend Alra against the Underlying Lawsuit, subject to various reservations of rights to deny coverage under the Policy as stated therein. A copy of the Alra ROR Letter is attached as Exhibit "C".

18. By letter dated March 13, 2023 (the "Alra Supplemental ROR Letter"), United Specialty supplemented the Alra ROR Letter by notifying Alra that United Specialty had retained Kevin Wangerin, Esq., as defense counsel for Alra. A copy of the Alra Supplemental ROR Letter is attached as Exhibit "D".

* * *

19. United Specialty issued Policy No. TUN-PA-0000145 (the "Policy") to Alra. The Policy affords Commercial Automobile Liability coverage to insureds thereunder for the period May 6, 2021 through May 6, 2022, subject to certain terms, conditions, limitations, and exclusions. A copy of the Policy is attached as Exhibit "E."

20. The Policy contains the following pertinent insuring agreement:

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto". . . . We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.

21. The Policy's "Who Is An Insured" section provides, in pertinent part:

The following are "insureds":

a. You for any covered "auto";

b. Anyone else whom you have advised the Company and received formal approval in writing from the Company

3

> while using with your permission a covered "auto" you own, hire, or borrow EXCEPT
>
> * * *
>
> vii. "Permissive users" who are users of a covered auto, other than "insureds", who are not approved in writing by the Company. Coverage for permissive users is subject to reduction to statutory minimums. To the extent permitted under the applicable state law, the limits of coverage shown in the Declarations page are reduced to the state mandatory minimums for bodily injury or death and property damage when there is a permissive user of the covered "auto".

22. The Policy is amended by a "Business Auto Coverage Form – Exclusion – Vehicles Traveling Beyond Designated Radius of Operation" endorsement (the "Radius Exclusion"). This endorsement provides, in pertinent part:

> The coverage territory definition is amended as follows:
>
> This insurance does not apply to any "bodily injury" or "property damage" arising out of any covered "auto" being driven to a point more than 300 miles distance from the place that is reported to us as the primary place where the Named Insured conducts operations while being operated by the named insured and all drivers of the named insured.

23. The Policy provides that "[t]he coverage afforded hereunder is limited to those named drivers as scheduled with the Carrier." In addition, the Policy contains an "Unlisted Driver Exclusion", which provides that "WE WILL NOT BE LIABLE FOR ANY 'ACCIDENTS' OR 'LOSSES' WHILE A COVERED 'AUTO' IS DRIVEN BY ANY UNLISTED DRIVER."

24. The Policy is amended by an "Operating Under the Influence of Drugs or Alcohol or Other Intoxicants/Mind-Altering Substances" endorsement (the "Drug and Alcohol Exclusion"). The Drug and Alcohol Exclusion provides, in pertinent part:

> In the event an accident or incident occurs, for which this policy provide[s] coverage, where the driver of the vehicle insured under this policy is found to be operating the vehicle while under the influence of drugs or alcohol or any other intoxicants or mind-altering substances, then the limits of liability under this policy are reduced to the Mandatory

4

> minimum limits required under the Applicable State Law. United Specialty Insurance Company at its sole option may cancel the policy with twenty (20) days notice.
>
> 25. The Policy's Business Auto Conditions provide that "you and [any] other involved 'insured' must . . . [c]ooperate with us in the investigation or settlement of the claim or defense against the 'suit'."
>
> * * *
>
> 32. . . . Xavier Gerard Downer . . . fail[ed] to comply with the Policy's cooperation condition.
>
> * * *

[Doc. 1, pp. 3-7].

IT IS HEREBY **ORDERED** that Plaintiff's Motion is hereby **GRANTED** in its entirety. This Court further finds that an entry of default judgment against Defendant Alra on the legal issues of this case until Plaintiff has filed its motion for summary judgment and this Court has ruled on the substantive legal issues to be set forth in said motion.

**SO ORDERED**, this the 10 day of August 2023.

_____
Honorable Tilman E. Self, III
Judge, United States District Court for the Middle District of Georgia

PD.42727345.1